NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUIS A. RIVAS, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-CV-5357 (DMC) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon an appeal by Plaintiff Luis A. Rivas ("Plaintiff") pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner"). Plaintiff requests that this Court reverse the decision of Commissioner, or in the alternative, remand for additional consideration. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's claim is **remanded** for further consideration.

**I.     BACKGROUND**

Plaintiff filed a concurrent application for Disability Insurance Benefits ("DBI") and Supplemental Security Income ("SSI") on September 2, 2004, alleging disability beginning on September 30, 2003. Specifically, Plaintiff claims substantial back pain and psychiatric problems that inhibit his ability to perform carpentry work. The claims were subsequently denied

on January 15, 2005, and upon reconsideration on February 16, 2006. Plaintiff then filed a timely appeal and Plaintiff appeared and testified at a hearing held on July 12, 2007 before the Honorable Gerald J. Ryan ("Judge Ryan"). Judge Ryan issued the decision denying the claims on September 17, 2007, stating that the claimant is not disabled under the Social Security Act (the "Act").

On September 19, 2007, Plaintiff then filed a timely appeal with the Appeals Council for the Office of Disability Adjudication and Review ("Appeals Council") requesting a review of his claims. On October 18, 2007, the Appeals Council issued a final decision denying the claims. On November 8, 2007, pursuant to 42 U.S.C. § 405(g), Plaintiff filed a Complaint with this Court, demanding a judgment against the Commissioner for Social Security Benefits, or in the alternative, a remand for additional consideration. The Commissioner denies the allegations and asserts that Judge Ryan's findings of fact are supported by substantial evidence and are, therefore, conclusive.

**II.     STANDARD OF REVIEW**

A reviewing court must uphold the Commissioner's factual findings if they are supported by substantial evidence. See 42 U.S.C. § 405(g); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence means "more than a mere scintilla." Richard v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Substantial evidence, however, "does not mean a large or considerable amount of evidence." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Substantial evidence may be "less than a preponderance." Stunkard v. Sec'y of Health & Human Servs., 841 F.2d 57, 59 (3d Cir. 1988).

"The substantial evidence standard allows a court to review a decision of an ALJ, yet avoid interference with the administrative responsibilities of the Commissioner." Claussen v. Chater, 950 F. Supp. 1287, 1292 (D.N.J. 1996) (citing Stewart v. Sec'y of Health, Educ. & Welfare, 714 F.2d 287, 290 (3d Cir. 1983)). "The inquiry is not whether the reviewing court would have made the same determination, but, rather, whether the Commissioner's conclusion was reasonable." Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)). Therefore, a court may not "set the Commissioner's decision aside if it is supported by substantial evidence, even if [the reviewing court] would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). In considering whether there is substantial evidence to support the Commissioner's findings, a reviewing court must examine: "(1) objective medical facts; (2) diagnoses and expert opinions of treating and examining physicians; (3) subjective evidence of pain; and (4) claimant's educational background, work history and age." Pearson v. Barnhart, 380 F. Supp. 2d 496, 503 (D.N.J. 2005) (quoting Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972)).

The reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 67, 70 (3d Cir. 1984). A district court exercises plenary review of all legal issues. See Knepp, 204 F.3d at 83. The Commissioner, however, has a corresponding duty to facilitate the Court's review: "[w]here the [Commissioner] is faced with conflicting evidence, he must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581, 584-86 (3d Cir. 1986)). Access to the Commissioner's reasoning is essential to a

meaningful court review:

> [U]nless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision it supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (quoting Arnold v. Sec'y of Health, Educ. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977)).  The court must set-aside the Commissioner's decision if the Commissioner failed to resolve an evidentiary conflict or failed to consider the entire record.  See Woltman v. Comm'r of Social Security, No. 07-2589, 2008 U.S. Dist. LEXIS 24147, *11 (D.N.J. Mar. 26, 2008) (citing Schonewolf, 972 F. Supp. at 284-85).

**III.    DISCUSSION**

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382 and 42 U.S.C. § 423. Under the Act, a claimant must satisfy the income and resource limitations of 42 U.S.C. § 1382 and demonstrate a disability based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Social Security Administration has established a five-step, sequential evaluation procedure to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. First, the claimant must establish (1) that the claimant has not engaged in any "substantial gainful activity" since the onset of the alleged disability; and (2) that the claimant suffers from a "severe impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)-(c). Given that the claimant bears the burden of establishing these first two requirements, his failure to meet this burden automatically results in a denial of benefits and the end of the court's inquiry. See Bowen v. Yuckert, 482 U.S. 137, 146-47 n.5 (1987).

If the claimant satisfies these initial burdens, he must provide evidence that his impairment is equal to or exceeds one of the impairments prescribed in Appendix 1 of the regulations ("List of Impairments"). See 20 C.F.R. § 404.1520(d). Upon such a showing, the claimant is presumed to be disabled and is automatically entitled to disability benefits. See id. If, however, the claimant cannot demonstrate a disability, the benefit eligibility analysis requires further scrutiny and the Commissioner will proceed to the next step. See 20 C.F.R. § 404.1520(e).

Next, the analysis focuses on whether the claimant's residual functional capacity ("RFC") sufficiently permits the claimant to resume previous employment. See 20 C.F.R. § 404.1520(e). If the claimant is found to be capable to return and perform his previous line of work, then the claimant is not "disabled" and, therefore, not entitled to disability benefits. See id. Should the claimant demonstrate an inability to return to his previous work, the analysis proceeds. The burden then shifts to the Commissioner to demonstrate that the claimant can perform other

substantial, gainful work.  See 20 C.F.R. § 404.1520(f).  If the Commissioner cannot satisfy this burden, the claimant shall receive Social Security benefits.  See Yuckert, 482 U.S. at 146-47 n.5.

In the current case, the Office of Disability Adjudication and Review found: (1) the claimant fulfills the Act's insured status requirements through December 31, 2007; (2) Plaintiff has not engaged in substantial gainful activity since September 30, 2003; (3) Plaintiff has the severe impairments of discogenic and degenerative back disorders and affective disorder; (4) Plaintiff's impairments did not meet the criteria listed in Appendix 1; (5) Plaintiff has the RFC to perform the full range of medium work with an inability to perform complex tasks; and (6) Plaintiff is capable of performing past relevant work as a carpenter and cabinet maker.  Since Judge Ryan asserted that Plaintiff could return to his prior position, the Court did not reach the final step of the analysis.

Plaintiff asserts that (1) Judge Ryan erred in his failure to review the state agency assessments; (2) Judge Ryan did not adequately consider Plaintiff's testimony; (3) Judge Ryan's finding as to a "medium" RFC is not supported by substantial evidence; and (4) the evidence shows that Plaintiff is totally disabled by virtue of the combination of impairment.  Plaintiff demands judgment awarding Social Security Benefits, or, in the alternative, a remand for further consideration.

      A.      Judge Ryan Properly Evaluated Plaintiff's Testimony

Judge Ryan properly evaluated Plaintiff's testimony.  Judge Ryan stated that the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  Judge Ryan further declared that the claimant's stated

degrees of limitation "appear exaggerated." Plaintiff contends that Judge Ryan did not consider any of his testimony, and instead issued a blanket rejection of his credibility. Additionally, Plaintiff asserts that Judge Ryan did not take the testimony of Maria Gonzalez, the niece of Plaintiff, into account when issuing the rejection of disability benefits.

An Administrative Law Judge ("A.L.J.") is given discretion to evaluate the credibility of a claimant to arrive at an independent judgment of the complaints, and where the A.L.J. has had an opportunity to observe the claimant first hand, a reviewing court cannot substitute that determination of credibility. See Woltman, 2008 U.S. Dist. LEXIS 24147 at *19. Subjective complaints need to be accompanied by objective medical evidence. See 20 C.F.R. § 404.1529; see also Malloy v. Comm'r of Soc. Sec., No. 07-2730, 2008 U.S. Dist. LEXIS 40971, *12 (D.N.J. May 22, 2008). Additionally, the A.L.J. is not required to discuss in his opinion "every tidbit of evidence included in the record." Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004). Here, there is nothing in Judge Ryan's Opinion to support Plaintiff's argument that he did not consider Plaintiff's testimony. Judge Ryan considered these complaints along with a April 2007 MRI, two medical reports by the state agency medical consultant Dr. Justin Fernando ("Dr. Fernando") and Plaintiff's psychiatric evaluations. Judge Ryan, therefore, adequately considered Plaintiff's complaints of pain that were documented in multiple records. While Judge Ryan did not mention every "tidbit" of evidence in analyzing Plaintiff's complaints, this Court finds that he substantially considered Plaintiff's testimony.

    B.    <u>Plaintiff's RFC Was Not Supported By Substantial Evidence</u>

Plaintiff seeks review of Judge Ryan's RFC decision because he believes that the finding

of a "medium" RFC is not supported by substantial evidence; most notably Plaintiff argues that Judge Ryan ignored the state agency's RFC assessment of a "light" level of functioning.  In determining the RFC of a claimant, an A.L.J. must point to specific evidence that supports his conclusion and his assessment must be "accompanied by a clear and satisfactory explanation of the basis on which it rests."  Pearson, 380 F. Supp. 2d 496, 506 (quoting Fargnoli v. Halter, 247 F.3d 34, 41 (3d Cir. 2001)).  The A.L.J. must consider all the evidence before him.  See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000).

In his decision, Judge Ryan first considered Dr. Fernando's two physical assessments.  In the first evaluation on November 5, 2004, Dr. Fernando concluded that "[c]laimant has minimal limitation to physical activity."  Dr. Fernando diagnosed Plaintiff with arthritis of the lumbosacral spine and hypertension.  In the second evaluation on January 16, 2006, however, Dr. Fernando concluded that "[c]laimant was found to have moderate limitation for bending and possibly for lifting and carrying."  Dr. Fernando diagnosed Plaintiff with chronic lower back pain (degenerative disk disease of the lumbosacral spine/arthritis), high blood pressure, depression and/or anxiety and headaches.  Dr. Fernando, additionally discovered that Plaintiff maintained normal gait and a full range of motion of the cervical spine and all extremities.  Furthermore, Judge Ryan took into account Plaintiff's 2007 MRI findings that indicated mild herniations with no nerve root damage.  Finally, Judge Ryan stated that the treatment records did not indicate significant complaints of back pain.  Taking all this evidence into totality, Judge Ryan observed that the degree of limitation alleged by Plaintiff was not corroborated by the above findings.  Additionally, Judge Ryan remarked that Plaintiff's claims "appear exaggerated" and concluded

that Plaintiff possessed the capability of performing a full range of medium work with a limitation of performing complex tasks.  Judge Ryan, in accordance with the Dictionary of Occupational Titles, determined that carpentry and/or cabinet making falls within the medium RFC and, therefore, found Plaintiff ineligible for disability benefits.

This Court finds that Judge Ryan's determination of Plaintiff's RFC is not supported by substantial evidence.  First, in making his determination, Judge Ryan focused on the former part of Dr. Fernando's diagnosis and did not mention a "moderate limitation . . . possibly for lifting and carrying."  Additionally, Judge Ryan placed too much emphasis on Dr. Fernando's first examination, and did not adequately explain Plaintiff's sliding limitation from minimal to moderate.

Secondly, Judge Ryan is quick to point out that the Plaintiff did not indicate any physical limitations on two treatment reports.  Judge Ryan, failed however, to take into account the hollow nature of the reports.  More importantly, Judge Ryan, failed to give any mention to two separate disability reports, filed on September 17, 2004 and December 6, 2005, respectively, that provide significant complaints of back pain.  Judge Ryan failed to resolve this contradiction.  Similarly, while Judge Ryan adequately states that the MRI finding indicates mild herniations with no nerve root impingement, Judge Ryan did not address the midline tear at the disc annulus.

Finally, Judge Ryan did not pay proper heed to the RFC assessments.  In the first assessment, completed on January 5, 2005, Plaintiff was found to possess the ability to occasionally lift and/or carry fifty pounds, frequently lift and/or carry twenty-five pounds, stand and/or walk for about 6-8 hours per day, sit about 6-8 hours a day and exhibit an unlimited

limitation for pushing and/or pulling.  At that time, no credibility assessment was made.  In Plaintiff's second assessment on February 10, 2006, Plaintiff faced a downward assessment by the state agency.  In this assessment, Plaintiff was found to possess the ability to occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, stand and/or walk for 6-8 hours per day, sit for 6-8 hours per day and possess an unlimited limitation for pushing and/or pulling.  This subsequent assessment puts Plaintiff in the "light" work category.  See 20 C.F.R. § 404.1567 (b) (light work involves lifting no more than 20 pounds at a time and frequently lifting and/or carrying objects weighing up to 10 pounds).  Judge Ryan did not note this discrepancy in his Opinion, and instead determined that Plaintiff possessed the capability of conducting "medium" level work.  See 20 C.F.R. § 404.1567 (c) (medium involves lifting up to fifty pounds with frequent lifting and/or carrying of objects weighing up to twenty-five pounds). Additionally, in a Medical Source Statement, completed June 2007 by Dr. Arthur Badillo, it was determined that Plaintiff possessed the limited ability to occasionally lift/and or carry ten pounds, frequently lift and/or carry ten pounds, stand and/or walk for less then two hours a day, sit less than six hours a day and push and/or pull with limitation in lower extremities.[1]

Where there is conflicting probative evidence in the record, "the ALJ must explicitly weigh the evidence and explain a rejection of the evidence."  See Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 435 (3d Cir. 1999).  A court must vacate or remand a case where such an explanation is not provided.  See Fargnoli, 247 F.3d at 42.  Here, Judge Ryan failed to properly consider or provide any means of rebuke for the above mentioned evidence.  Judge Ryan did not

---

[1] This Court is mindful that, while this final medical report arrived in the record subsequent to the hearing, in resolving this issue on remand, the entire record must be considered.

adequately or "substantially" explain his finding of a "medium" assessment. This "medium" determination is crucial because the RFC, if inaccurate, impacts the Commissioner's burden of demonstrating that other work exists in significant numbers in the national economy, if the claimant is not able to do past relevant work. See 20 C.F.R. § 404.1560(c). On remand, the A.L.J. must adhere to the contradictory evidence in assessing Plaintiff's RFC. Specifically, if a "medium" RFC is determined, the record must comport with that finding, and if a "light" RFC is determined, Commissioner must engage in step five of the disability determination and decide how Plaintiff's impairments affect his ability to find other work in the national economy.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's claim is **remanded**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:     August  13  , 2008
Orig.:    Clerk
cc:       All Counsel of Record
          Hon. Mark Falk, U.S.M.J.
          File